FILED

2017 SEP 28 PM 1:21

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

KELLY E. YOUNG,

Plaintiff,

v.

EQUIFAX, INC., a corporation organized under the laws of the State of Georgia

Defendant.

**Case No.** 2:17-cv-538-FtM-38CM

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, Kelly E. Young brings the within action against Defendant for negligence and violation of the Fair Credit Reporting Act ("FCRA") arising out of the Defendant's improper disclosure of Plaintiff's personal information and failure to secure and safeguard such information. Plaintiff alleges as follows:

1. Plaintiff is a natural person who resides in Lee County, Florida who is a consumer as defined in 15 U.S.C.§1681a(c).

2. Defendant, Equifax, Inc. ("Defendant") is a corporation organized under the laws of the State of Georgia, that has a principal place of business at 1550 PEACHTREE STREET, NW H-46, ATLANTA, GA 30309. Equifax is a consumer reporting agency as defined in 15 U.S.C. §1681a(f).

3. The State of Florida has personal jurisdiction over the Defendant on the grounds that at all times material to this complaint, Defendant operated, conducted, engaged in, or carried on a business or business venture in this state and/or having an office or agency in this state, and by committing a tortious act within Florida.

4. Jurisdiction is proper in the United States District Court for the Middle District of Florida on the grounds that the claims by Plaintiff arise under the Constitution, laws, or treaties of the United States.

5. Jurisdiction is proper in the United States District Court for the Middle District of Florida on the grounds that the Plaintiff and Defendant are from different states and the amount in controversy exceeds $75,000.

6. The United States District Court for the Middle District of Florida has supplemental jurisdiction over the claims in the complaint arising under Florida state law on the grounds that such state claims are so related to the above-referenced federal claims in the action such that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in the United States District Court for the Middle District of Florida on the grounds that it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and where Defendant does business and where Plaintiff resides.

8. Equifax is one of three consumer reporting agencies which compile and report data pertaining to consumer creditworthiness. Equifax receives its data from credit card companies, financial institutions, retailers, and creditors who supply reports on the activity of individual consumers. Part of the data Equifax receives pertaining to individual consumers is personal and confidential information such as names, dates of birth, social security numbers and addresses ("PI").

9. The PI provided to Equifax is furnished by each consumer, such as Plaintiff, in strict confidence, and with the expectation that such information is protected and safeguarded from unauthorized access.

10. The PI provided to Equifax is the type of information that can be and is often used by cybercriminals to steal a consumer's identity, create fraudulent credit card accounts, state-issued identification cards, incur debts in the consumer's name, phishing campaigns and other fraudulent schemes, which are potentially catastrophic to an individual consumer who is the victim of such conduct.

11. At all times material to this complaint, Equifax knew or should have reasonably been aware of the importance of protecting PI from improper disclosure, and the foreseeable consequences that would result if its data security system was breached.

12. In March 2017, there was an unauthorized release of PI to unknown third parties. As such, Equifax should have had heightened awareness that they had employed inadequate safeguards in place to protect consumers personal information.

13. On September 7, 2017, Defendant announced that a substantial amount of personal information was accessed and disclosed to unknown third parties. As a result, Plaintiff's personal information was released to third parties whose motives may be criminal, and may seek to misuse the information to the detriment of Plaintiff.

14. Although the unauthorized access to the PI was discovered by Equifax on July 29, 2017, it sat on the information and failed to disclose it to the public until September 7, 2017.

15. The unauthorized access and disclosure of Plaintiff's personal information was the direct and proximate result of Equifax's failure to properly protect Plaintiff from unauthorized access, use and disclosure, as required by Federal and Florida statutory and common law.

16. The unauthorized access and release of Plaintiff's personal information occurred in part because of Equifax's failure to timely install security updates to its web site application software known as Apache Struts CVE-2017-5638.

17. The release of PI that occurred on or before July 29, 2017 underscores Equifax's failure to establish and implement appropriate administrative, technical, and physical measures to protect against reasonably foreseeable cyber attacks.

18. Had Equifax implemented appropriate and reasonable safeguards to protect PI from unauthorized access, use and disclosure, and had timely implemented the required security update to its Apache web application, the release of PI would never have occurred, and Plaintiff's personal information would remain safe and secure.

19. As a result of Equifax's failure to undertake appropriate and reasonable measures to protect Plaintiff's information from unauthorized access, use and disclosure, Plaintiff's personal information may now be in the hands of persons who will use such information to engage in fraud and identity theft.

20. As a consequence of Equifax's conduct detailed above, Plaintiff has incurred the cost of taking additional measures to protect her personal information. In addition, Plaintiff has suffered anxiety and emotional distress from knowing that her personal information has been release and that her identity may be stolen at any moment.

## COUNT I - NEGLIGENCE

21. Plaintiff repeats and realleges her allegations in paragraph 1 through 20 as if set forth fully herein.

22. Defendant, as a consumer credit reporting agency as defined in Federal and Florida law, had a duty to implement and maintain reasonable procedures and safeguards to protect Plaintiff from the risk of disclosure of her personal information to unauthorized third parties.

23. Defendant breached its duty of care to Plaintiff by:

a. Failing to maintain reasonable procedures/safeguards to protect Plaintiff's personal information.

b. Failing to timely implement a security update to its Apache web-site application;

c. Failure to timely notify Plaintiff of the release of her personal information; and;

d. Such other acts or omissions that are discovered during the course of these proceedings.

24 As a result of Defendant's breach of its duty of care to Plaintiff, Plaintiff has suffered extreme emotional distress as result of the knowledge that her private and personal information may now be in the hands of cybercriminals, who may be in a position to steal, and may have already stolen, her personal identity.

25. In addition, Plaintiff has incurred the cost of additional credit monitoring and other actions to protect her personal identity.

## COUNT II - WILLFUL OR RECKLESS VIOLATION OF THE FAIR CREDIT REPORTING ACT

26. Plaintiff repeats and realleges her allegations in paragraphs 1 through 20 of the complaint as if set forth fully herein.

27. Plaintiff is a consumer entitled to the protections of the FCRA.

28. Defendant is a consumer credit reporting agency under the FCRA because for monetary fees, it regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

29. As a consumer reporting agency, Equifax is required to "maintain reasonable procedures designed to . . . limit the furnishing of consumer reports to the purposes listed under section 1681b of this title." 15 U.S.C. § 1681e(a).

30. Under the FCRA, a "consumer report" is defined as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for -- (A) credit . . . to be used primarily for personal, family, or household purposes; . . . or (C) any other purpose authorized under section 1681b of this title." 15 U.S.C. § 1681a(d)(1).

31. The compromised data was a consumer report under the FCRA because it was a communication of information bearing on Plaintiffs credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living used, or

expected to be used or collected in whole or in part, for the purpose of serving as a factor in establishing the Plaintiff's eligibility for credit.

32. As a consumer reporting agency, Defendant may only furnish a consumer report under the limited circumstances set forth in 15 U.S.C. § 1681b, "and no other." 15 U.S.C. § 1681b(a). None of the purposes listed under 15 U.S.C. § 1681b permit credit reporting agencies to furnish consumer reports to unauthorized or unknown entities, such as those who accessed the Plaintiff's personal information. Defendant violated § 1681b by furnishing consumer reports to unauthorized or unknown entities, as detailed above.

33. Defendant furnished the Plaintiff's consumer reports by disclosing her consumer reports to unauthorized entities; allowing unauthorized entities to access her consumer report; knowingly and/or recklessly failing to take security measures that would prevent unauthorized entities or computer hackers from accessing her consumer report; and/or failing to take reasonable security measures that would prevent unauthorized entities from accessing her consumer report.

34. Defendant willfully and/or recklessly violated § 1681b and § 1681e(a) by providing impermissible access to consumer reports and by failing to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes outlined under section 1681b of the FCRA. The willful and reckless nature of Defendant's violations is supported by, among other things, former employees' admissions that Defendant's data security practices have deteriorated in recent years and Defendant's numerous other data breaches in the past.

35. Defendant also acted willfully and recklessly because it knew or should have known about its legal obligations regarding data security and data breaches under the FCRA.

36. Defendant's willful and/or reckless conduct provided a means for unauthorized intruders to obtain and misuse Plaintiff's personal information for no permissible purposes under the FCRA.

37. Plaintiff has been damaged by Defendant's willful or reckless failure to comply with the FCRA. Therefore, Plaintiff is entitled to recover "any actual damages sustained by the consumer . . . or damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A).

38. Plaintiff is also entitled to punitive damages, costs of the action, and reasonable attorneys' fees. 15 U.S.C. § 1681n(a)(2)& (3).

## COUNT III - NEGLIGENT VIOLATION OF FCRA

39. Plaintiff repeats and realleges her allegations in paragraphs 1 through 20 of the complaint as if set forth fully herein.

40. Defendant was negligent in failing to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes outlined under section 1681b of the FCRA. Defendant's negligent failure to maintain reasonable procedures is supported by, among other things, former employees' admissions that Defendant's data security practices have deteriorated in recent years, and Defendant's numerous other data breaches in the past. Further, as an enterprise claiming to be an industry leader in data breach prevention, Defendant was well aware of the importance of the measures organizations should take to prevent data breaches, yet failed to take them.

41. Defendant's negligent conduct provided a means for unauthorized intruders to obtain Plaintiff's personal information and consumer reports for no permissible purposes under the FCRA.

42. Plaintiff has been damaged by Defendant's negligent failure to comply with the FCRA. Therefore, Plaintiff is entitled to recover "any actual damages sustained by the consumer." 15 U.S.C. § 1681o(a)(1).

43. Plaintiff is also entitled to recover her costs of the action, as well as reasonable attorneys' fees. 15 U.S.C. § 1681o(a)(2).

**WHEREFORE**, Plaintiff demands the following relief:

a. Entry of judgment in her favor and against Defendant on all counts of the complaint;

b. An award of special damages in an amount to be determined at trial.

c. Punitive damages in accordance with 15 U.S.C. § 1681n.

d. Attorneys fees and the costs of action; and

e. Such other relief as the court deems just and appropriate.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated: September 20, 2017

**HOLTZ MAHSHIE DECOSTA, P.A.**
*Attorneys for Plaintiff*
1560 Matthew Drive, Suite E
Fort Myers, Florida 33907
Telephone: (239) 931-7566
Facsimile: (239) 931-7560
Primary Email: eservice@HMDLegal.com
chris@HMDLegal.com
Secondary Email: Jamie@HMDLegal.com
Lynn@HMDLegal.com

By *_/s/ Christopher DeCosta_*
Christopher J. DeCosta, Esq
Florida Bar No. 271410